NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN CLEMENTE<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE OF BERGEN, d/b/a PRESTIGE TOYOTA, a New Jersey Corporation<br><br>Defendant. | Civil Action No.: 09-1782 (JLL)<br><br>OPINION |

**LINARES,** District Judge

This matter comes before the Court on Defendant's motion for summary judgment. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is granted.

**I.   BACKGROUND**

Plaintiff Dawn Clemente ("Plaintiff" or "Clemente") was hired on or about June 23, 2006 as the BDC manager - a newly developed position and department created by then General Manager Carlos Girard ("Girard"). The BDC Department was one part of a larger Sales Department. Girard was terminated in July 2008 by William (Bill) Berardino, Vice-President of Prestige Management Services, a management company that assists Prestige of Bergen. Rather than replace Girard, Berardino assumed his responsibilities and the duties of the General Manager at Prestige Mercedes-Benz, where another General Manager was terminated. Defendant states that both dealerships were losing money and/or not operating at the expected

level.

Berardino states that he wanted to change the process for bringing customers into the store.  As such, he eliminated positions and rolled those duties into existing positions.  Upon assuming these duties, Berardino also demoted two males employees to sales person, who had previously been elevated to assistant sales manager under Girard.  Defendant stated that this is because the duties of an assistant sales manager could be performed by sales managers.

Plaintiff was terminated on September 8, 2008 - approximately two months after Berardino assumed the day-to-day management of the dealership.  Plaintiff met with Joan Foley (Director of Administration, Prestige Management Services) and Steve Reddy (General Sales Manager, Prestige Toyota) and was told her position was being eliminated.  Foley told Plaintiff that the sales function was being restructured and Berardino did not see the need for the BDC Department.  During the restructuring, Foley terminated another male manager in the Service Department.

Plaintiff obtained new employment at Mercedes-Benz of Nanuet on November 2008 after searching for work for approximately four (4) weeks.  Upon information and belief, her monthly income was comparable if not exceeded her prior earnings in the end of 2008 and into 2009.

Plaintiff alleges there were Sales Positions at Prestige for which was qualified and not offered.  Defendant claims Plaintiff did not apply for any of those positions, nor is it clear that she was qualified as she had never been a sales manager or held a position in auto financing.

Plaintiff filed the instant action on January 29, 2009 in the Superior Court of New Jersey, Bergen County, alleging gender discrimination under the New Jersey Law Against Discrimination ("NJLAD").  Defendant timely removed this action based on diversity of

citizenship. On September 8, 2011, Defendant filed the instant motion for summary judgment, which this Court now reviews.

## II.     LEGAL STANDARD

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party. To present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex. rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inference drawn in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbit, 63 F.3d 231, 236 (3d Cir. 1995).

## III.    ANALYSIS

As a preliminary matter, the Court notes that Plaintiff's claim is ripe for summary disposition under Rule 56 as Plaintiff has not articulated any issue of material fact that would warrant a trial.

Discrimination claims brought under LAD are governed by the same standard of proof as those governed by Title VII. See Johnson v. Penske Truck Leasing Co., 949 F. Supp 1153, 1169 (D.N.J. 1996) ("The New Jersey Supreme Court generally applies Federal case law arising under

Title VII to [resolve] claims under [NJ]LAD."). Accordingly, the Court must review the instant motion under the McDonnell Douglas burden shifting analysis. To establish a *prima facie* case of discrimination, a Plaintiff must prove by a preponderance of the evidence that: 1) she is a member of a protected class; 2) she was performing her job at a level which met the employer's legitimate expectations; 3) she was affected by an adverse employment action; and 4) the adverse employment action took place under circumstances which give rise to an inference of unlawful discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Id. at 802-03. While the NJLAD makes it unlawful for an employer to terminate an employee because of their gender, the statute acknowledges that an employer can terminate an employee "on the basis of competence, performance, conduct or any other reasonable standards[.]". Barbera v. Di Martino, 305 N.J. Super. 617, 633 (App. Div. 1997).

      The language of Title VII, and subsequently the NJLAD, makes plain that the purpose of the statute is to "assure equal employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of [minorities]." McDonnell Douglas, 411 U.S. at 800 (citing Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971)). It is not however, "to guarantee a job to every person" regardless of qualifications or a business's particular needs. Id. The Act "does not command that any person be hired . . . because he is a member of a minority group." Notably, "discriminatory preference for any group, minority or majority, is precisely and only what Congress has proscribed." Id. at 801.

      The Court finds that Plaintiff has failed to establish the fourth element of her *prima facie*

4

case. Namely, Plaintiff cannot demonstrate that the alleged adverse employment action took place under circumstances which give rise to an inference of discrimination. Rather, Plaintiff has provided no evidence that she was terminated because she is a woman, other than the fact that she is a woman. Merely "reciting that [gender] was the reason for the decision does not make it so." See Billet v. CIGNA Corp., 940 F.2d 812, 816 (3d Cir. 1991).

Plaintiff does not identify any male employees who were treated more favorably than her, and in fact concedes that another male manager was terminated and two male sales managers were demoted under Berardino. Berardino's treatment of these males employees belies any assertion that gender motivated Plaintiff's termination.

Even if Plaintiff had met her burden, Defendant has articulated a nondiscriminatory reason for Plaintiff's termination. Defendant asserts that the reason for Plaintiff's termination was to improve dealership profitability by restructuring the sales department. The Court notes that even though Defendant only has the burden of production, Defendant's actions have been consistent with its stated reason. Plaintiff has also not provided this Court a reason to either disbelieve Defendant's articulated reason or believe that discriminatory reasons ultimately motivated the termination decision as required during summary judgment. Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994). Rather Plaintiff repeatedly asserts that because she was never given a poor performance review, her termination must have been motivated by her gender. However, Defendant never alleges that Plaintiff was terminated due to poor performance. It is clear that multiple terminations and demotions of both males and females occurred without respect to performance or gender, but rather in an effort to restructure the sales department.

Accordingly, because there is no genuine issue of material fact and Plaintiff has failed to

5

meet both her *prima facie* and rebuttal burden, Defendant's motion for summary judgment is granted.

## VI.     CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted. An appropriate Order accompanies this Opinion.

DATED: January 5, 2012

/s/ Jose L. Linares
JOSE L. LINARES, U.S.D.J.